

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0264-17

**ARMAUD SEARS, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE NINTH COURT OF APPEALS JEFFERSON COUNTY**

**KEEL, J., filed a concurring opinion in which WALKER, J., joined.**

### CONCURRING OPINION

I join the majority opinion. I write separately for two reasons. First, I want to point out that under Texas Penal Code Section 7.02(a)(2), a person cannot be a party to an offense that he only learned of after the fact because a person cannot act with intent to promote or assist the commission of a completed offense. To the extent that *Wyatt v. State*, 367 S.W.3d 337 (Tex. App.—Houston [14th Dist.] 2012, pet dism'd), the opinion below and other opinions suggest otherwise, they are in error. Second, this kind of

sufficiency issue could largely be avoided by use of Section 7.02(b), the conspiracy theory of party liability.

Appellant's jury charge authorized his conviction as a party under Section 7.02(a)(2). That statute imposes criminal responsibility for conduct of another if, "acting with intent to promote or assist the commission of the offense, [the actor] solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." It requires intentional participation in the crime. *Cary v. State*, 507 S.W.3d 750, 758 (Tex. Crim. App. 2016). A person acts intentionally "when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03(a). Thus, to be criminally responsible as a party under Section 7.02(a)(2), a person must act with the conscious objective or desire to promote or assist the commission of the offense and do something to help its commission. It would be impossible to act with the conscious objective or desire to commit an offense or help with its commission if it already had been committed.

The opinion below, however, implies that the evidence could have been sufficient to convict Sears as a party to aggravated robbery if he had learned of the use of firearms after the fact. *Sears v. State*, 2017 WL 444366 *10 (Tex. App.—Beaumont, pet. granted) (mem. op., not designated for publication) (noting lack of evidence "to show that after the robbery, Sears became aware that the masked men had used or exhibited firearms during the commission of the offense."). The court relied on *Wyatt* in which the Fourteenth

Sears Concurrence–Page 3

Court of Appeals held that "there must be direct or circumstantial evidence that [the defendant] not only participated in the robbery before, while, or after a [deadly weapon] was displayed, but did so while being aware that the [deadly weapon] would be, was being, or had been, used or exhibited during the offense." 367 S.W.3d at 341 (internal quotes omitted). That formulation of Section 7.02(a)(2) party liability is mistaken to the extent that it suggests that a person can participate in a crime that already has been committed and that after-the-fact awareness of the crime will suffice for intentional participation. It is true that we look to events occurring before, during or after the commission of the offense to evaluate the sufficiency of the evidence to show intent, *Cary*, 507 S.W.3d at 758, but party liability cannot be imposed solely on the basis of after-the-fact intent or efforts.

Moreover, Section 7.02(b), the conspiracy parties theory, obviates the kind of sufficiency issue posed in this case because it does not require intent to commit the offense actually committed:

> If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

Sections 7.02(b) and 7.02(a)(2) are not mutually exclusive, and a jury charge could include both.

With these comments I join the majority.

Filed: September 12, 2018
Do Not Publish