

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00201-CR

**DEVIN LAMARCUS DIGGS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. M0063-19**

## O P I N I O N

In two issues, appellant, Devin Lamarcus Diggs, challenges his conviction for unlawful possession of a controlled substance in Penalty Group 3 in an amount less than twenty-eight grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117(b) (West 2017). Because we conclude that there is a material variance between the charging instrument and the proof presented that renders the evidence insufficient, we reverse and acquit.

## I.    BACKGROUND

In the instant case, Diggs was charged by information with unlawful possession of a controlled substance--Acetaminophen—in an amount by aggregate weight, including any adulterants and dilutants, of less than twenty-eight grams. *See id.* Pursuant to a plea bargain with the State, Diggs pleaded nolo contendere to the charged offense. The trial court found Diggs guilty of the charged offense and sentenced him to serve 180 days in the county jail. Despite this being a plea-bargain case, the trial court gave Diggs permission to appeal, and this appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE AND VARIANCE IN THE CHARGING INSTRUMENT

In his first issue, Diggs contends that there is a fatal variance between the charging instrument and the proof presented that renders the evidence insufficient.[1] As such, Diggs argues that his conviction should be reversed and that he should be acquitted of the charged offense. In a document labeled, "Appellee's Confession of Error," the State asserts that the information did not charge Diggs with a crime under Texas law and that no one noticed the error in the charging instrument at the time of the plea in this case. The State requests that we reverse Diggs's conviction and remand for a new trial after re-pleading.

---

[1] The record reflects that Diggs did not seek to quash the indictment in this case, nor has he challenged his plea as involuntary or unknowing.

## A. Standard of Review

The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.
>
> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v.*

*State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

## B.     Discussion

"Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged." *Cada v. State*, 334 S.W.3d 766, 772-73 (Tex. Crim. App. 2011). In the instant case, the judgment of conviction reflects that Diggs was found guilty of the offense of unlawful possession of a controlled substance in Penalty Group 3 in an amount less than twenty-eight grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117(b). However, the information in this case alleged that, on or about December 5, 2018, Diggs, "did then and there knowingly and intentionally possess a controlled substance, to wit: Acetaminophen in an amount by aggregate weight, including any adulterants and dilutants, of less than 28 grams." It is undisputed that acetaminophen, otherwise known as Tylenol, is not, by itself, a controlled substance listed in Penalty Group 3. *See id.* § 481.104(a) (West Supp. 2019) (listing the substances that are considered Penalty Group 3 controlled substances). In other words, as the State acknowledged, the information in this case did not charge Diggs with a crime under Texas law. Diggs characterizes this as

a material variance between the charging instrument and the evidence that amounts to a failure of proof and entitles him to an acquittal.

"A 'variance' occurs whenever there is a discrepancy between the allegations in the indictment and the proof offered at trial." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011). A claim of variance is treated as an insufficiency claim that we review under the *Jackson* standard. *Gollihar*, 46 S.W.3d at 246; *see Jackson*, 443 U.S. at 319. As mentioned above, the hypothetically-correct jury charge, against which the evidence is measured, "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability and adequately describes the particular offense for which the defendant was tried." *Gollihar*, 46 S.W.3d at 253 (citing *Malik*, 953 S.W.2d at 240).

Only a "material" variance between the charging instrument and the evidence warrants reversal. *Gollihar*, 46 S.W.3d at 257. As such, the hypothetically-correct jury charge includes material variances but excludes immaterial ones. *Id.* at 258; *see Fuller v. State*, 73 S.W.3d at 250, 253 (Tex. Crim. App. 2002). In determining if a variance is material, we ask two questions: (1) "whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial"; and (2) "whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Gollihar*, 46 S.W.3d at 246; *see Fuller*, 73 S.W.3d at 253.

In this case, the information did not charge Diggs with an offense under Texas law. Furthermore, the Plea Agreement Memorandum signed by Diggs and by the State reflected that Diggs entered a plea of nolo contendere to the offense of possession of a controlled substance in Penalty Group 3 in an amount less than twenty-eight grams. However, the memorandum is silent as to which controlled substance Diggs allegedly possessed. Neither the transcript from the plea hearing, nor the judgment of conviction itself provide any further clarity as to the controlled substance Diggs allegedly possessed.

The parties, the court, and, in other cases, the jury must know the substance and whether that substance falls within the penalty groups designated for controlled substances in the prosecution of a drug case. *See Gollihar*, 46 S.W.3d at 256; *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.117(b) (providing that a person commits an offense if the person knowingly or intentionally *possesses a controlled substance listed in Penalty Group 3*, unless the person obtains the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice (emphasis added)); *see id.* § 481.104(a) (listing the substances contained in Penalty Group 3). Because the charging instrument, as written, does not allege that Diggs illegally possessed a controlled substance for which he could be prosecuted under the Texas Health & Safety Code, we cannot say that Diggs was sufficiently informed of the charge against him to allow him to prepare a defense at trial. *See Gollihar*, 46 S.W.3d at 256.

Furthermore, the State acknowledges in its "Confession of Error" that it intends to re-plead and charge Diggs for the same crime. *See Gollihar*, 46 S.W.3d at 257. In other words, prosecution under the deficiently-drafted indictment subjects Diggs to the risk of being prosecuted later for the same crime. *See id.*

We therefore conclude that the variance in this case is material and that it prejudiced Diggs's substantial rights because the charging instrument failed to give him sufficient notice and subjects him to the possibility of a second prosecution for the same offense. *See id.* at 258; *see also Santana v. State*, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001) (noting that, in variance law, it is the defendant's burden to demonstrate prejudice to a substantial right). Accordingly, we reverse Diggs's conviction and enter an acquittal because the evidence is insufficient to prove that Diggs violated section 481.117(b) of the Texas Health and Safety Code. *See Cada*, 334 S.W.3d at 776 ("Under *Jackson*, the State must prove the statutory elements that it has chosen to allege, not some other alternative statutory elements that it did not allege. The variance construct of *Gollihar* and *Fuller* simply does not override the constitutional due-process requirement that the State prove, beyond a reasonable doubt, every statutory element of the offense that it has alleged."). This is the case, even though Diggs pleaded nolo contendere to the charged offense. *See Byrd*, 336 S.W.3d at 248 ("On the other hand, a conviction that contains a material variance that fails to give the defendant sufficient notice or would not bar a second prosecution

for the same [offense] requires reversal, even when the evidence is otherwise legally sufficient to support the conviction."). We sustain Diggs's first issue.

## III. CONCLUSION

Having sustained Diggs's first issue on appeal, we reverse the judgment of conviction and enter a judgment of acquittal. And in light of this conclusion, we need not address Diggs's second issue. *See* TEX. R. APP. P. 47.1, 47.4.


JOHN E. NEILL
Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
(Chief Justice Gray dissenting)
Reverse and acquit
Opinion delivered and filed February 26, 2020
Publish
[CR25]

