# NO. 12-19-00274-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL CAIN CARDEN,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Cain Carden appeals his conviction for assault/family violence. In a single issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

## BACKGROUND

Appellant was charged by information with assault/family violence. The State alleged Appellant injured Tracy Hopper Smith by striking her with his fists or hands. The State further alleged that either Smith was a member of Appellant's household or Appellant and Smith had a dating relationship. Appellant pleaded "not guilty" and the matter proceeded to a jury trial. The jury ultimately found Appellant "guilty." Following the punishment phase, the trial court sentenced Appellant to 365 days confinement. Appellant filed a motion for new trial, which was denied. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant argues the evidence is insufficient to support his conviction.

### Standard of Review and Governing Law

In Texas, the ***Jackson v. Virginia*** standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a

criminal offense that the state is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. ***Padilla v. State***, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Brooks***, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. ***Hernandez v. State***, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.).

A person commits the offense of assault if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01 (West Supp. 2019). "Family violence" means: (1) an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the member in fear of imminent physical harm, bodily injury, assault, or sexual assault, but does not include defensive measures to protect oneself; or (3) dating violence." TEX. FAM. CODE ANN. § 71.004(1), (3) (West 2019). "Dating violence" means an act, other than a defensive measure to protect oneself, by an actor that is intended to result in physical harm, bodily injury, assault, or sexual assault or that is a threat that reasonably places the victim or applicant in fear of imminent physical harm, bodily injury, assault, or sexual assault. ***Id***. § 71.0021(a)(2) (West 2019). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (West Supp. 2019). "Dating relationship" means a relationship between individuals

who have or have had a continuing relationship of a romantic or intimate nature. TEX. FAM. CODE ANN. § 71.0021(b) (West 2019).

**Analysis**

Appellant urges that the evidence is insufficient to support his conviction for assault/family violence. Specifically, he contends that the location of Smith's injury does not comport with being punched while Appellant was driving a vehicle. In addition, he contends the evidence as a whole does not establish that he intended to strike or injure Smith.

At trial, Shannon North, the 911 operator who took Smith's call testified. The recording of the 911 call was also admitted into evidence and played for the jury. North testified that Smith sounded afraid and was crying when she called for help. Smith told North that Appellant hit her in the mouth during an argument in his truck. Appellant had pushed Smith out of the truck, and she hurt her leg when she hit the ground. North dispatched deputies from the Houston County Sheriff's Department to Smith's location and remained on the phone until they arrived.

Deputy Ryan Martin of the Houston County Sheriff's Office responded to the 911 dispatch regarding an assault victim. When Deputy Martin arrived, he saw Smith on the side of the road with blood on her shirt and arms. Her lip was bleeding and she appeared visibly upset and crying. Smith told Martin that she had been in the truck with her boyfriend, Appellant, when they got into an argument. Smith said that during the argument, Appellant punched her in the face with his closed fist. Martin testified that the injury on Smith's lip appeared consistent with her story. Martin took photographs of Smith's injuries, which were admitted into evidence and shown to the jury.

Smith testified that she and Appellant had been dating and living together for three years. Specifically, Smith stated that she and Appellant were in an intimate dating relationship and living in the same residence on the day of the alleged assault. According to Smith, she and Appellant went to work together on July 30, 2018. Shortly after arriving to work, they argued, and Appellant demanded she leave with him. After they left the job site, the two continued arguing in Appellant's truck. Smith testified that Appellant became very angry and started swinging at the dog in the backseat. Appellant's demeanor scared Smith, so she decided to get out of the truck at the next stop sign. Before the truck stopped, Appellant punched her twice in the face with his fist. The second punch made Smith's lip bleed, and she dialed 911 before exiting the truck. She testified that while she was on the phone with the 911 operator and preparing to exit the truck, Appellant

pushed her out of the truck while it was still rolling. She hit her knee, elbow, and shoulder on the road when she fell out of the truck.

William "Bo" Gardner, a deputy with the Houston County Sheriff's Office, testified that he responded to a call on July 30, 2018, regarding Smith. When he arrived, Smith was speaking with Deputy Martin. He observed Smith had a "busted lip, blood all over her shirt, shorts; a lot of blood everywhere." Gardner testified that Smith appeared upset; however, she did not have trouble describing what had transpired. Gardner stated that Smith told him that she and Appellant got into an argument while in Appellant's truck. During the argument, Appellant punched Smith. When Appellant stopped the vehicle, Smith tried to get out and Appellant punched her again. Gardner testified that EMS was dispatched to the scene, and Smith was treated for her injuries.

Joshua Glover, a paramedic for Houston County EMS, testified that he was dispatched to Smith's alleged assault. When he arrived, Smith was speaking with two officers. Glover observed that Smith was covered in blood on her face, shirt, arms, and legs. Smith complained of lip pain from where she had been punched by her "husband." Her pain scale was a four out of ten. Glover testified that he and his partner treated Smith's lip and stopped the bleeding. He also noted Smith's heart rate was elevated, which could have been caused by a number of factors, and he recommended she go to the hospital. Smith also complained of shoulder, arm, and knee pain from being pushed out of a moving vehicle.

The jury is the sole judge of the witnesses' credibility and the weight to be given to the evidence. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Based on the evidence at trial, the jury could have reasonably found that Appellant and Smith were in a dating relationship on July 30, 2018, and that Appellant struck her in the face with his hand or fist while driving during an argument. And the jury was entitled to consider Appellant's conduct before, during, and after the offense when determining intent, including the method used to produce Smith's injuries, the extent of Smith's injuries, and the parties' relative size and strength. *See Cary v. State*, 507 S.W.3d 750, 758 (Tex. Crim. App. 2016); *see also Herrera v. State*, 367 S.W.3d 762, 771 (Tex. App.— Houston [14th Dist.] Apr. 7, 2012, no pet.). The jury heard consistent testimony from Smith, two deputies, and a paramedic regarding the alleged assault and Smith's injuries, specifically hearing evidence that she was upset and bleeding from being struck in the mouth and required treatment. As a result, the jury was free to discredit Appellant's theory that Smith's injuries could not have occurred while Appellant was driving. Therefore, after viewing the evidence in the light most

4

favorable to the verdict, we conclude that a rational jury could have found, beyond a reasonable doubt, that Appellant knowingly, intentionally, or recklessly caused bodily injury to Smith, a person with whom he had a dating relationship, by striking her with his hand or hands. *See* TEX. PENAL CODE ANN. § 22.01; *see also* TEX. FAM. CODE ANN. § 71.0021(b); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 912. As a result, we conclude the evidence is legally sufficient to support the verdict. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-19-00274-CR**

**MICHAEL CAIN CARDEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 19-02-00013-CR)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*