

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00216-CR

**ASHLEY JUDSON WHITE,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**


### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 20-01780-CRF-85


## MEMORANDUM OPINION


The jury convicted Ashley White of the offense of obstruction or retaliation. *See* TEX. PENAL CODE ANN. § 36.06 (c) (West). White pleaded true to the enhancement paragraph, and the jury assessed punishment at twenty years confinement. We affirm.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, White argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law

as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

White was an inmate at the Brazos County Jail. Wilhelmina Barrentine works as a nurse at the Brazos County Jail. Part of her duties as a nurse at the jail includes dispensing medications to the inmates. Barrentine testified that on October 1, 2019, while passing out the medications, she observed White attempting to hoard some of his medication. Barrentine stated that she informed White he would be "written up for hoarding medication." Barrentine wrote a report about the incident and informed her supervisor. White's physician was also notified about the hoarding incident.

On April 11, 2020, there was a disturbance involving White and other inmates. White was yelling and cursing at other inmates and threatened to harm the other inmates. The responding officers attempted to remove White from the housing unit, but he resisted causing him and two of the officers to fall. White complained that he could not breathe, so Nurse Barrentine was called to come provide medical assistance.

When White saw Barrentine, he called her a "f - -king b - tch" and said he did not want anything from her because she "got his medication stopped." Barrentine tried to conduct a medical assessment of White, but he refused and began threatening her. Barrentine testified that White said he knows her name and how to find her. Barrentine

further testified that White told her that when he gets out he will get an "AK-47" and kill her and her family.

Officer Darryl Plagens, a detention officer at the Brazos County Jail, testified that White told Nurse Barrentine "You're the b-tch that made me – got me taken off my meds. When I get out of jail, I'm going to get an AK-47 and kill you." Sergeant Michael Matott also testified that when White saw Nurse Barrentine he threatened to kill her and her family. Sergeant Matott said that White blamed Nurse Barrentine for him not receiving his medication.

Section 36.06 of the Texas Penal Code provides that:

(a) A person commits an offense if the person intentionally or knowingly harms or threatens to harm another by an unlawful act:

> (1) in retaliation for or on account of the service or status of another as a:
>
> (A) public servant, witness, prospective witness, or informant; or
>
> (B) person who has reported or who the actor knows intends to report the occurrence of a crime;

TEX. PENAL CODE ANN. § 36.06 (a) (West). White contends that the evidence shows that he was threatening everyone and that his behavior was not directed only to public servants. White specifically argues that the evidence is insufficient to show that he threatened Nurse Barrentine because she was a public servant rather than because she was simply there and happened to be a public servant.

White does not dispute that he threatened to kill Nurse Barrentine, and he does not dispute that Barrentine was discharging an official duty at the time of the threat. He argues only that the evidence is insufficient to show that the threat was on account of her status as a public servant. Nurse Barrentine testified that inmates are not allowed to hoard medications. Nurse Barrentine reported White for hoarding medication, and his medication was stopped. Nurse Barrentine believed that White threatened her because of her reporting him for hoarding medication resulting in his medication being stopped. Officer Plagens and Sergeant Matott both testified that White's threat was related to Nurse Barrentine's role in having his medications stopped. We find that a rational jury could find that White threatened Nurse Ballentine on account of actions she took while performing her duties as a public servant. We overrule the sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed
Opinion delivered and filed January 19, 2022
Do not publish
[CR25]

