# Court of Appeals
## Tenth Appellate District of Texas

10-24-00407-CR

Matthew Aaron Powell,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
361st District Court of Brazos County, Texas
Judge David G. Hilburn, presiding
Trial Court Cause No. 22-01226-CRF-361

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

Matthew Aaron Powell was found guilty by a jury of the second-degree felony offense of burglary of a habitation. The trial court assessed his punishment at ten years in the penitentiary and a $1,000 fine. The trial court further suspended imposition of the sentence and placed the defendant on community supervision for six years. Powell brings this appeal in which he contends (1) there was insufficient evidence to prove that he "committed theft

or intended to commit theft" of property, and (2) the only crime proven was the lesser included offense of criminal trespass. We will affirm.

## A. Background

In March 2021, Katherine Plaue and her roommate, Lauren Mitchell, were attending classes at Texas A&M when Plaue checked the security cameras she had installed in their condominium. Plaue had placed two cameras in their condominium, one in the living room, and one in her bedroom, to be able to check on her dog while she was away. On March 18, 2021, around 9:20 in the morning, Plaue checked the living room camera and saw Powell in her dining room coming from a set of French doors in the rear of the condominium. Powell appeared to be heading toward the stairs while grabbing his genitals. Plaue called 9-1-1, and, while on the phone she checked her bedroom camera where she saw Powell going through her clothes in her packed travel bag. Plaue saw him pushing items aside while digging around her bag before he selected a pair of her underwear. Powell then held up the pair of underwear, stared at them, and then balled them up in his left hand. Plaue then observed Powell move toward her dresser, while masturbating, and intently stare at a collection of photos of herself and her husband and her family. Plaue then saw Powell leave her room with her underwear in his hand and go to Mitchell's room, where there was no camera. Plaue then used the

downstairs camera's speaker to yell at Powell to get out of the house and inform him that she was calling 9-1-1. Powell then ran out of Mitchell's room, down the stairs, and out of the condominium.

In March 2024, Powell was indicted for burglary of a habitation. *See* TEX. PEN. CODE ANN. § 30.02. The case was reindicted in June 2024, adding Mitchell as an additional complainant. At trial, the defendant pled not guilty to the burglary of a habitation charge.

## B. Issue One

On appeal, Powell challenges the sufficiency of the evidence supporting his burglary of a habitation conviction. Powell argues that the State failed to prove beyond a reasonable doubt that he "committed theft or intended to commit theft."

## 1. Authority

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*,

443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

2. Analysis

The issue raised by Powell is whether the evidence is sufficient to find beyond a reasonable doubt that Powell entered the habitation and "committed theft or intended to commit theft" of property once he entered. *See* TEX. PEN. CODE ANN. § 30.02.

To prove the offense of burglary of a habitation as charged in the indictment, the State was required to prove beyond a reasonable doubt that

Powell (1) intentionally and knowingly entered his entire body into a habitation, without the effective consent of Katherine Plaue or Lauren Mitchell, and (2) attempted to commit or committed theft of property, namely, one item of underwear or one item of clothing owned by Katherine Plaue.

Powell argues that during trial, the State's repeated theory was that Powell entered Plaue's and Mitchell's condominium for purposes of sexual gratification. Powell points to the State's opening statement to support his contention when the State said, "It's evident why he was there. He makes that clear by having his hand on his penis the entire time. That's why he was there." Powell contends that because he was "never in a hurry" to get out of the condominium that theft was not the motive.

Powell contends that there is insufficient evidence of an actual or attempted theft because Plaue never identified what was missing, the color or size of the underwear, that a video showed the panties in Powell's hand and a subsequent video did not, that the detectives did not search the entire condominium looking for the underwear, and that no panties were found in the search of Powell's home.

The evidence presented during the trial included the testimony of Plaue, who described what she observed Powell doing on the security cameras in the condominium. As stated above, Powell digging through her packed travel bag

pushing items aside rather than grabbing the first item he saw, removing a pair of her underwear and holding them up to eye level and staring at them, crumpling them up in his left hand, and leaving her room with them. In addition to Plaue's observations, she confirmed she never consented to Powell entering her condominium or to him taking her underwear. Plaue also testified that she never saw the pair of panties again, even after looking for them, and that they were never found in the condominium during the additional three years she lived there. Plaue's roommate, Mitchell, confirmed she never found Plaue's underwear in her own bedroom nor did Mitchell ever find any underwear of any kind in the condominium after the incident. Mitchell added that she keeps a compartmentalized underwear drawer and folds items a certain way, and she would have noticed an unfamiliar or misplaced pair of underwear in her dresser.

The jury is allowed to draw reasonable inferences. *Jackson*, 443 U.S. at 319. We will not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams*, 235 S.W.3d at 750. The jury could have drawn a reasonable inference that Powell left with the underwear, even though a search of Powell's house hours later did not result in recovery of the underwear.

Viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found all the essential elements of the offense

charged beyond a reasonable doubt.  We therefore overrule Powell's first issue.

Having done so, we need not address Powell's second issue.

C. Conclusion

We affirm the trial court's judgment.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  June 18, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CR25

