**Affirmed and Memorandum Opinion filed January 28, 2021.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-19-00181-CR

**JOHN KEVIN DUFOUR, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1522339**

## MEMORANDUM OPINION

Appellant John Kevin Dufour appeals the trial court's judgment convicting him of the first-degree felony of continuous sexual abuse of a young child, for which the jury assessed punishment at imprisonment for 50 years. *See* Jessica Lunsford Act, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1120, 1127–28 (adding Penal Code section 21.02),[1] *amended by* Act of Apr. 7, 2011, 82d Leg.,

---

[1] In 2007 the legislature created the offense of continuous sexual abuse of a young child or children in response to an expressed need to address sexual assaults against young children

R.S., ch. 1, § 6.04, sec. 21.02(c), 2011 Tex. Gen. Laws 1, 15–16 (since amended; hereinafter "2011 Penal Code § 21.02").[2] In a single issue, appellant challenges the sufficiency of the evidence, arguing that the State did not prove beyond a reasonable doubt that the two acts of sexual abuse alleged to have occurred were committed at least 30-days apart. 2011 Penal Code § 21.02(d). We conclude that the evidence is sufficient and affirm the judgment.

## I.    BACKGROUND

In 2011, C.B. was nine. She lived in Houston with her parents and three siblings. Because her parents worked long hours and her mother often worked nights, she stayed with her maternal grandparents—appellant and his wife—after school several times per week and occasionally on weekends. Appellant and his wife lived in apartments across the street from C.B.'s family until March 2014, when C.B.'s family moved to a different apartment nearby. Sometimes she would stay with her grandparents along with all her siblings, and on occasion she would stay with her grandparents alone. C.B.'s grandmother also worked evening and overnights shifts which left appellant as the only adult in the apartment on those occasions.

In 2014, when C.B. was eleven, C.B. told her mother that appellant had been touching her on "her chest and on her behind." C.B.'s mother immediately severed

who are typically unable to give precise dates when there are ongoing acts of sexual abuse. *See Dixon v. State,* 201 S.W.3d 731, 737 (Tex. Crim. App. 2006) (Cochran, J., concurring) ("Perhaps the Texas Legislature can address this conundrum and consider enacting a new penal statute that focuses upon a continuing course of conduct crime—a sexually abusive relationship that is marked by a pattern or course of conduct of various sexual acts.").

[2] This statute was amended in 2017. Though the 2017 amendments do not apply to this case, the amendments are immaterial to the issue raised by appellant. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 685, § 31, sec. 21.02(b) (adding "regardless of whether the actor knows the age of the victim at the time of the offense"), 2017 Tex. Gen. Laws 3038, 3056; Act of May 26, 2017, 85th Leg., R.S., ch. 1038, § 2, sec. 21.02(b) (adding "regardless of whether the actor knows the age of the victim at the time of the offense"), 2017 Tex. Gen. Laws 4072, 4072.

contact between appellant and all her children, though she did not make a police report. In 2015, C.B. told her aunt about the abuse and C.B.'s aunt urged her mother to make a police report. C.B.'s mother reported the abuse to the police shortly thereafter. As part of the police investigation, C.B. participated in a forensic interview in 2016 during which she revealed that her grandfather would touch her breasts and vagina under her clothes with his hand too many times to count. C.B. told Clara Rivers, the forensic interviewer, that the sexual abuse occurred for approximately five years and her grandfather gave her money for letting him touch her. C.B. told Rivers that she did not remember exactly when it started, but she recalls being very young. C.B. told Rivers the abuse stopped when she was 12.

Defendant was charged by indictment alleging continuous sexual abuse of a young child, which identified the constituent offenses of aggravated sexual assault of a child occurring on or about October 1, 2011, as well as an act constituting the offense of indecency with a child by contact on or about October 1, 2014. At trial, C.B. was 16. She testified that she did not remember the "exact first time" appellant sexually abused her, but testified about four specific incidents between 2011 and 2014.

The first incident occurred when C.B. and her siblings were watching television with appellant. She recalls sitting on the couch with her grandfather and he was touching her vagina under her clothes while her siblings were in the room. The second incident occurred in appellant's room while C.B. was laying on the bed. Appellant removed C.B.'s clothes and licked her vagina. C.B. could not remember when the second incident occurred in relation to the first incident. C.B. also described a third incident in which she accompanied appellant to the grocery store in his truck. In this circumstance, C.B. recalled asking appellant to touch her

and he complied by touching her vagina under clothes. She did not recall when the third incident occurred. C.B. also testified to a fourth incident in which appellant "licked her boobs" while she was in appellant's room. C.B. testified the abuse did not happen every time she went to appellant's home. Though C.B. was unable to specify any time period for the four incidents that occurred, she did testify that the incidents happened "less" after her family moved to a new apartment complex in 2014, because she did not see appellant as often.

## II.    ARGUMENT

In his sole issue, appellant contends that the evidence is legally insufficient to sustain his conviction for continuous sexual assault of a child. Specifically, appellant argues that the State did not prove that at least two acts of sexual abuse specified in the indictment occurred over a period of at least thirty days.

### A.    Standard of review

In determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational jury could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *see also Jourdan v. State*, 428 S.W.3d 86, 94 (Tex. Crim. App. 2014) (jury must find every constituent element of charged offense). We may not reevaluate the weight and credibility of the evidence and substitute our judgment for that of the jury. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's resolution of any conflicting inferences from the evidence and presume that it resolved such conflicts in favor of the judgment. *Jackson*, 443 U.S. at 326; *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). Although juries may not speculate about

4

the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319; *Hooper*, 214 S.W.3d at 16).

We measure sufficiency to support a conviction by comparing the evidence presented at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge reflects the governing law, the charging instrument, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Id*. In conducting a sufficiency review, we must consider the cumulative force of all the evidence. *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017).

## B.    Applicable law

To establish continuous sexual abuse of a child, the State must prove the following elements:

   (1) the defendant "commit[ted] two or more acts of sexual abuse"

   (2) "during a period that is 30 or more days in duration," and

   (3) "at the time of the commission of each of the acts of sexual abuse, the [defendant was] 17 years of age or older and the victim [was] a child younger than 14 years of age."

2011 Penal Code § 21.02(b). "Acts of sexual abuse" are listed in the statute and, as relevant here, include indecency with a child and aggravated sexual assault. *See* 2011 Penal Code § 21.02(c).

A person commits aggravated sexual assault if he intentionally or knowingly causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor. Act of Apr. 7, 2011, 82d Leg., R.S.,

5

ch. 1, § 6.05, sec. 22.021, 2011 Tex. Gen. Laws 1, 16 (former Tex. Penal Code § 22.021(a)(1)(B)(iii), (a)(2)(B), since amended). A person commits indecency with a child if he engages in sexual contact with the child or causes the child to engage in sexual contact. Act of May 18, 2009, 81st Leg., R.S., ch. 260, § 1, sec. 21.11(a)(1), 2009 Tex. Gen. Laws 710, 710 (former Tex. Penal Code § 21.11(a)(1), since amended). Sexual contact is defined to include, as relevant here, any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child with the intent to arouse or gratify the sexual desire of any person. Tex. Penal Code Ann. § 21.11(c)(1).[3]

## C.    Analysis

Appellant argues that the State presented no evidence that the two acts alleged in the indictment took place during a period that is thirty or more days in duration. The indictment alleges:

> JOHN KEVIN DUFOUR, hereafter styled the Defendant, heretofore on or about OCTOBER 1, 2011, did then and there unlawfully, during a period of time of thirty or more days in duration, commit at least two acts of sexual abuse against a child younger than fourteen years of age, including an act constituting the offense of AGGRAVATED SEXUAL ASSAULT OF A CHILD, committed against C.B. on or about OCTOBER 1, 2011, and an act constituting the offense of INDECENCY WITH A CHILD BY CONTACT, committed against C.B. on or about OCTOBER 1, 2014, and the Defendant was at least seventeen years of age at the time of the commission of each of those acts.

C.B. testified to four specific incidents of sexual abuse, one of which satisfies the elements of an aggravated sexual assault. At least one of the other three incidents recounted by C.B. satisfies the requirements for indecency with a

---

[3] For purposes of the offense of continuous sexual abuse of young child or children, an "act of sexual abuse" does not include touching, including touching through clothing, the breast of a child. 2011 Penal Code § 21.02(c)(2).

child by contact. Though C.B. was unable to provide any time frame for any of the incidents in her trial testimony, C.B.'s testimony established that the sexual abuse occurred before and after the family's move in March 2014 to a new apartment complex.[4] C.B. testified that after the move "there was less, like—because I wouldn't see him as often as I would at Shadow Ridge."[5]

The jury also heard testimony from Clara Rivers, the forensic clinician interviewer, as an outcry witness. Through Rivers, the jury learned C.B. described appellant's touching of her vagina as occurring over approximately a five-year period and ending when she was twelve. C.B. was not able to recall when exactly the abuse began. She described herself to Rivers as "just really young," but said it may have started when she was in the third or fourth grade. C.B. told Rivers that appellant touched her too many times to count. C.B. also told Rivers that appellant paid C.B. different amounts of money, which she believed was related to the length of time she allowed appellant to touch her. Rivers's testimony established a pattern of continuous sexual abuse.

While C.B. did not tell Rivers of the incident in which appellant licked her vagina, Rivers also testified that children, like C.B., may give partial disclosures because they do not feel comfortable or are not ready. Rivers described that during the interview process the interviewer would attempt to develop a rapport with the child and make the child feel comfortable. Rivers interviewed C.B. once in 2016. The jury could have concluded that both C.B.'s disclosures at trial and her disclosures to Rivers were partial disclosures of the sexual abuse experienced by

---

[4] C.B.'s mother testified that the family moved in March 2014.

[5] C.B. was never asked at trial about the time period over which the sexual abuse occurred. She was asked only when the incidents occurred, what grade she was in and how far apart in time two of the incidents occurred. She responded that she did not know to all questions about timing.

C.B. *See* Tex. Code Crim. Proc. Ann. art. 38.07 (providing conviction for sexual assault of child is "supportable on the uncorroborated testimony of the victim").

Taking the cumulative force of C.B.'s testimony together with Rivers's testimony, the jury knew that incidents of sexual abuse occurred over a multi-year period beginning around the time that C.B. was in the third or fourth grade. Rivers's testimony established that appellant's touching of C.B.'s vagina was part of a continuous pattern of sexual abuse, and not an isolated incident that occurred at a singular point in time. Given the multi-year pattern of conduct on the part of appellant, the jury could have reasonably inferred that appellant licked C.B.'s vagina during the time period of sexual abuse she identified for Rivers. *See Hooper*, 214 S.W.3d at 15–17 (explaining that "an inference is a conclusion reached by considering other facts and deducing a logical consequence from them" and that appellate courts must consider whether inferences are reasonable in light of the "combined and cumulative force of all the evidence"). Given that C.B. told Rivers the touching of her vagina occurred over multiple years, too many times to count, the jury could have concluded beyond a reasonable doubt that the licking of C.B.'s vagina occurred at least thirty days before or after one of the incidents in which appellant touched C.B.'s vagina with his hand.

Appellant urges us to find that the evidence is not sufficient to support the verdict because even if some "activity" or touching may have taken place in the three-year time frame identified by Rivers, nothing established that the two acts specified in the indictment occurred at least thirty days apart. The essence of appellant's argument is that because C.B. did not tell Rivers about the licking incident, Rivers's testimony cannot prove up timing for the aggravated assault. Appellant also correctly references that C.B. was never able to provide a specific time frame—or even an approximate one—to show that the two acts specified in

the indictment occurred at least thirty days apart. However, appellant's argument requires us to disregard Rivers's testimony and look at the testimony of each witness in isolation, which conflicts with the governing standard of review requiring us to view the "cumulative force" of the evidence in the light most favorable to the verdict. *Hooper*, 214 S.W.3d at 13 (citing *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993) ("Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction.")).

Though the evidence establishing the timing of the two predicate acts adduced by the State was not directly established by any witness, it satisfies the standard that governs our review. *Jackson*, 443 U.S. at 318–19. Here, the jury heard Rivers's testimony about appellant's pattern of abuse and reached the conclusion that the two predicate acts occurred at least thirty days apart. Viewing the evidence in a light most favorable to the jury's verdict, a rational jury could have evaluated the cumulative force of the evidence and determined that the two predicate acts occurred at least thirty days apart beyond a reasonable doubt. Therefore, we hold the evidence is sufficient to establish the offense of continuous sexual abuse of a young child and overrule appellant's sole issue.

**CONCLUSION**

We affirm the trial court's judgment.

                                    /s/      Charles A. Spain
                                             Justice

Panel consists of Justices Jewell, Spain, and Wilson.

Do Not Publish —Tex. R. App. P. 47.2(b).