

IN THE
TENTH COURT OF APPEALS

No. 10-19-00182-CR

MICHAEL RAYMOND WATSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 443rd District Court
Ellis County, Texas
Trial Court No. 43,076-CR

MEMORANDUM  OPINION

The jury convicted Michael Raymond Watson of the offense of possession of a controlled substance, found the enhancement paragraphs to be true, and assessed punishment at 69 years confinement. We affirm.

SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Watson argues that the evidence is insufficient to support his conviction for possession of a controlled substance. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the

offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Officer Dustin Bragg, with the Red Oak Police Department, testified that on May 8, 2017, he was patrolling traffic with Officer Kirk White. The officers observed a vehicle driving without a vehicle registration sticker, and initiated a traffic stop. Watson was a passenger in the vehicle. Sergeant Jason Esquibel arrived at the scene as backup. Sergeant Esquibel had Watson and the driver of the vehicle walk to his squad car for safety. Sergeant Esquibel testified that while they were walking to his squad car, he observed Watson reach into his pocket and throw a plastic baggie to the ground. Sergeant Esquibel stated that he then saw a plastic sandwich type baggie on the ground that contained methamphetamine. The officers also found two glass pipes with methamphetamine residue in the passenger side of the vehicle. Watson told the officers that the baggie of methamphetamine was not his and that the baggie stuck to his shoe when he walked in the grass.

The Texas Health and Safety Code provides that a person commits an offense if "the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 …"TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a). The Texas Penal Code defines possession as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07 (39). To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the contraband,

and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Sergeant Esquibel testified that he observed Watson throw a plastic baggie on the ground, and then he found a plastic baggie in that area that contained methamphetamine. Sergeant Esquibel stated that he had no doubt that the baggie of methamphetamine on the ground came from Watson. The jurors viewed the video taken from Sergeant Esquibel's bodycam and also viewed videos taken from the other officers. The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d at 899. We find that the evidence is sufficient to support Watson's conviction for possession of a controlled substance. We overrule the sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
        Justice Neill, and
        Justice Johnson
Affirmed
Opinion delivered and filed February 24, 2021
Do not publish
[CRPM]

