

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00087-CR

JAMES BERNARD SQUARE,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee


## From the 40th District Court
## Ellis County, Texas
## Trial Court No. 43179CR


# MEMORANDUM  OPINION


The jury convicted James Square of the offense of possession of a controlled

substance with intent to deliver, found the enhancement paragraphs to be true, and

assessed punishment at twenty-three years confinement.  We affirm.

#### SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Square argues that the evidence is insufficient to

support his conviction for possession of a controlled substance with intent to deliver.  The

Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as

follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.
>
> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately

describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

Officer Abe Partington, with the Waxahachie Police Department, testified that he was on patrol on July 21, 2017 when he saw a vehicle make a quick turn in what appeared to be an attempt to avoid him. Officer Partington followed the vehicle and observed that the front license place was illegible and that the vehicle turned without signaling properly. Officer Partington stopped the vehicle for the traffic violations, and spoke with the driver, Delores Washington. Square was a passenger in the vehicle.

Washington gave consent for Officer Partington to search the vehicle. Officer Justin Koch arrived at the scene to assist Officer Partington. Officer Partington testified that he asked Square to step out of the vehicle, and he conducted a pat down search for safety. During the pat down search, Officer Partington asked Square for permission to search his pockets, and Square gave his consent. Officer Partington found a pop top type bottle containing thirty-nine rocks of crack cocaine in Square's pocket. Officer Partington stated that each rock of crack cocaine would sell for approximately five to ten dollars. Officer Partington further testified that Square had $420 in cash in small denominations in his pocket. Square told Officer Partington that the crack cocaine was not his.

Square testified at trial that Washington was going to take him to the store. She had a pill bottle in her car, and she told Square it was medicine for her father. According to Square, Washington told him that she was taking the medicine to her father in the hospital. Square said that he put the pill bottle in his pocket so he would not sit on it. Square said the money in his pocket was from working side jobs.

Square testified that Officer Partington did not ask for permission to search his pockets. Square further testified that two officers approached him with their weapons drawn. Square stated that the police bodycam video was altered. Officers Partington and Koch both testified that they did not point their weapons at Square. Officer Partington testified that the bodycam video was not altered.

The Texas Health and Safety Code provides that a person commits an offense if "the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH & SAFETY CODE ANN. § 481.112 (a). The Texas Penal Code defines possession as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07 (39). To prove unlawful possession of a controlled substance, the State must establish that (1) the accused exercised care, control, or management over the contraband, and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).

Square does not challenge that he was in possession of the bottle containing the controlled substance, but rather he argues that the evidence is insufficient to show that

he knew that it was a controlled substance. The rocks of crack cocaine were in a black pop top type of bottle. The bottle did not contain a prescription label to indicate it was medicine. The bottle was found in Square's pocket with cash in small denominations. The jury was allowed to make reasonable inferences supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d at 757. The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d at 899. We find that a rational jury could have found Square knowingly possessed a controlled substance with the intent to deliver. We overrule the sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Affirmed
Opinion delivered and filed February 24, 2021
Do not publish
[CRPM]

