

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00260-CR

ARTURO LOPEZ,

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**

### From the County Court at Law No. 3
### Ellis County, Texas
### Trial Court No. 2310434CR

## MEMORANDUM  OPINION

After a jury trial, Appellant, Arturo Lopez, was convicted of the offense of criminal trespass and sentenced to 180 days in the Ellis County Jail.  *See* TEX. PENAL CODE ANN. § 30.05(a), (d)(1).  On appeal, Appellant challenges the sufficiency of the evidence supporting his conviction.  We affirm the judgment of the trial court.

## Background

This case involves an ongoing dispute between siblings — Appellant and Azucena Lopez — regarding approximately 18-acres of land transferred from their mother to Azucena in 2021. The subject property was divided into two sections and each section was listed under a separate address – 2616 Wilson Road and 2588 Wilson Road. While their mother still owned the property, she permitted Appellant to live in a mobile home at 2588 Wilson Road. However, due to nonpayment, the mobile home was removed from the property and Appellant began living in a shed at the same address. The shed had no water or electricity. When the subject property was transferred to Azucena, she and her family moved into a residence at 2616 Wilson Road. Azucena informed Appellant that he was not permitted to live on the property, but he refused to leave.

In July of 2021, law enforcement officers issued a formal, written criminal trespass warning to Appellant for 2616 Wilson Road. This incident involved Appellant running an extension cord from the house at 2616 Wilson Road to the shed where he was staying in an attempt to get electricity to the shed. Because Appellant refused to leave the shed, Azucena initiated eviction proceedings. Azucena posted a notice on the shed door telling Appellant to vacate the premises. After obtaining a judgment ordering Appellant's eviction, Azucena attempted to have Appellant physically removed from the property. However, because Appellant had left the country, the constable's office told Azucena they were unable to remove Appellant and his personal belongings from the shed.

In June of 2022, Appellant was arrested for violating the criminal trespass warning when he returned to 2616 Wilson Road and took water from an outdoor spigot at the residence. After this incident, in an attempt to clear up ongoing confusion over the property having two addresses, Azucena combined the two addresses under the 2616 Wilson Road address. On December 15, 2022, Appellant returned to the shed and was arrested for criminal trespass. Less than 24 hours after Appellant was released from jail, on January 14, 2023, he returned to the shed and was arrested again for criminal trespass.

**Sufficiency of the Evidence**

Appellant contests the sufficiency of the evidence that on January 14, 2023, he (1) had notice that he was prohibited from entering the property, and (2) was on the property "of another." We disagree.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy

but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

DISCUSSION

A person commits the offense of criminal trespass if "the person enters or remains on or in property of another…without effective consent and the person…had notice that the entry was forbidden." *See* TEX. PENAL CODE ANN. § 30.05(a)(1). The information in

this case alleged that on or about January 14, 2023, Appellant "did then and there intentionally and knowingly enter property of another, namely Azucena Lopez, hereafter styled the complainant, without the effective consent of the complainant, and [Appellant] had notice that the entry was forbidden."

Notice of Forbidden Entry

Appellant's argument focuses solely on the written criminal trespass warning issued by law enforcement officers applicable to 2616 Wilson Road. He argues that because the criminal trespass warning was issued when the property still had two separate addresses, his notice not to enter 2616 Wilson Road should not constitute notice that he was forbidden to enter the section of the property formerly known as 2588 Wilson Road. However, "notice" also includes oral or written communication by the owner or someone authorized to act on the owner's behalf. *See id.* at § 30.05(b)(2)(A). Azucena testified that she told Appellant that he was not allowed on the subject property prior to this incident, including the area formerly identified as 2588 Wilson Road. Azucena also provided written notice that Appellant was not permitted on the property by posting an eviction notice on the shed door. Additionally, "fencing or other enclosure obviously designed to exclude intruders" can serve as notice that entry onto property is forbidden. *See id.* at § 30.05(b)(2)(B). The entire property was fenced and there were chains and locks on the gates. According to the record, Appellant would climb the fence to access the property. Azucena also testified that she had placed locks on the shed that had been

broken. Notably, Appellant was also arrested on December 15, 2022 for criminally trespassing on the exact same portion of the property where he was located in the instant case. Appellant then returned to the prohibited property less than 24 hours after his release from jail. We find that the evidence was sufficient for a jury to conclude that Appellant had notice that entry onto the property where he was located was forbidden.

Property "of Another"

The Texas Penal Code defines "another" as a person "other than the actor." *See id.* at § 1.07(a)(5). Appellant asserts that the evidence was insufficient to establish that he entered the property "of another" because the State failed to negate his claim of right to access the property as a tenant who was purportedly not properly evicted.[1]

The Texas Penal Code does not define "tenant." However, according to the Texas Property Code, a "tenant" of residential real property is, in relevant part, "a person who is authorized by a lease to occupy a dwelling to the exclusion of others." TEX. PROP. CODE ANN. § 92.001(6). In addressing an appellant's tenancy argument in a criminal trespass case, the Austin Court of Appeals summarized tenancy caselaw by stating, "it appears that a tenancy creating an estate in real property requires an express written or oral lease-contract or a lease-contract implied from the circumstances and acts of the parties showing an intent to become landlord and tenant." *See Tossow v. State*, No. 03-02-00308-

---

[1] At trial, Appellant challenged the legitimacy of Azucena's ownership of the property. He does not do so on appeal.

CR, 2003 Tex. App. LEXIS 1910, 2003 WL 738331, at *8-9 (Tex. App.—Austin Mar. 6, 2003, no pet.) (mem. op.).

The evidence was sufficient for the jury to conclude that Appellant did not have a right to access the property as a tenant or otherwise. The jury heard evidence that Appellant believed that the property was wrongfully taken from his deceased father and that he believed he had a right to access the property. Testimony at trial established that Appellant did not provide any documentation to law enforcement officers to support his claim to the property. Additionally, Azucena, her spouse, and law enforcement officers testified that Azucena owned the subject property. There was also testimony that Azucena paid the taxes on the property and that the tax appraisal district listed her as the owner. A deed indicating that Azucena owned the subject property was also admitted into evidence at trial. Further, it was undisputed that Azucena did not give Appellant permission to occupy the shed or any other structure on the property. Although he contested the legitimacy of Azucena's ownership and her authority to exclude him from the property, Appellant indicated to law enforcement officers that he was aware the property was listed under Azucena's name and that he did not have her permission to enter the property. We presume that the jury resolved this conflicting evidence in favor of the verdict.[2] Considering the evidence in the light most favorable to the verdict, the

---

[2] At trial, the jury also heard evidence that Azucena obtained a judgment granting her petition to evict Appellant from the property. *See* TEX. PROP. CODE ANN. Title 8. We need not address Appellant's argument

evidence was sufficient for a jury to conclude that Appellant had no legal claim to the property and to find that Appellant was on the property "of another." *See* TEX. PENAL CODE ANN. § 30.05.

Accordingly, we overrule Appellant's sole issue on appeal.

## Conclusion

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed on August 8, 2024
[CR25]



---

regarding the adequacy of the eviction because we find the evidence was sufficient for the jury to conclude Appellant had no legal right to access the property.