

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00343-CR

**TERRANCE JERMAINE MOORE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 18-01958-CRF-85

## MEMORANDUM OPINION

A jury found Appellant Terrance Jermaine Moore guilty of the second-degree felony offense of assault family violence strangulation with a previous conviction. The trial court found an enhancement paragraph true, assessed Moore's punishment at twenty years' confinement in the penitentiary, and sentenced him accordingly. This appeal ensued. In his sole issue, Moore argues that the evidence was legally insufficient to prove beyond a reasonable doubt that Moore and the victim, Ida Ford, had a dating relationship. We affirm.

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

> We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of

proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

A "dating relationship" is defined as a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature. TEX. FAM. CODE ANN. § 71.0021(b). The existence of such a relationship shall be determined based on consideration of (1) the length of the relationship; (2) the nature of the relationship; and (3) the frequency and type of interaction between the persons involved in the relationship. *Id.*

DISCUSSION

Ford testified extensively regarding the relationship she had with Moore, including providing details about the length and nature of the relationship and the frequency and type of interactions between them. *Id*; *See also Edward v. State*, 635 S.W.3d 649, 657 (Tex. Crim. App. 2021) (the statutory factors are not standalone elements, they are guideposts for the jury to weigh in evaluating whether the definition is met). Specifically, she testified that she and Moore were in an on-again-off-again relationship for two or three years. She stated while they first met because they were neighbors, they began a sexual relationship, and the sexual interactions continued over the entire course of the relationship. She also testified that she believed both she and Moore

characterized it as a relationship, and that Moore would become jealous if he believed she was talking to other men.

Additionally, Officer Dunford testified regarding his understanding of the relationship between Moore and Ford. He stated that as soon as he arrived on scene, Ford referred to Moore as her "ex-boyfriend." *See Edward*, 635 S.W.3d at 658 (common usage of the word "boyfriend" by itself implies a continuing relationship of a romantic or intimate nature). Officer Dunford also testified that over the course of his investigation, he came to understand that the event precipitating the assault was Moore's jealously after learning about a rumor that Ford was romantically involved with someone else. Finally, Officer Dunford stated that Ford filled out a family violence packet directly following the assault. *See id* at 659. (providing the family violence form supports a logical inference that the victim indicated she was in a dating relationship with the defendant).

Moore argues that the casual nature of the relationship between Ford and himself should lead to the conclusion that it was not a "dating relationship," but rather a "casual acquaintanceship." Specifically, Moore points to Ford maintaining a relationship with another man and consistently referring to her relationship with Moore as "casual" to support his contention that it is unreasonable to classify it as a dating relationship. However, jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *See Brooks v. State*, 323 S.W.3d at 899. Therefore, we presume that the jury resolved any conflicting inferences from the

evidence in favor of the verdict, and we defer to that resolution. *See Merritt*, 368 S.W.3d at 525.

Considering the foregoing evidence viewed in the light most favorable to the verdict, we conclude that the jury could have rationally found beyond a reasonable doubt that Moore was in or had previously been in a continuing relationship of a romantic or intimate nature with the victim. Therefore, the evidence was sufficient for the jury to have rationally determined that Moore and Ford had a dating relationship.

We overrule Moore's sole issue.

## Conclusion

Having overruled Moore's sole issue, we affirm the trial court's judgment.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed August 22, 2024
Do not publish
[CR25]

