# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-23-00175-CR

---

Zedkaia Zedkaia,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
18th District Court of Johnson County, Texas
Judge Sydney B. Hewlett, presiding
Trial Court Cause No. DC-F202100773

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Appellant, Zedkaia Zedkaia, guilty of three counts of aggravated sexual assault of a child. The jury assessed his punishment at ninety-nine years confinement in the Institutional Division of the Texas Department of Criminal Justice on each of the counts. The trial court sentenced Zedkaia accordingly and ordered count two to run consecutively to count one and count three to run concurrently with all counts. This appeal

ensued. In two issues, Zedkaia challenges the sufficiency of the evidence to prove that he caused the penetration of the sexual organ of F.L. by (1) his sexual organ as alleged in count two and (2) his finger as alleged in count three. We will affirm.

## A. Background Facts

On August 26, 2021, Zedkaia was indicted on three counts of aggravated sexual assault of a child, two counts of indecency with a child by contact, and one count of indecency with a child by exposure. The charges against Zedkaia arose from allegations made by his stepdaughter, F.L., who testified that Zedkaia had sexually abused her on multiple occasions in 2020 when she was approximately 11 years old. Prior to trial, the State abandoned the three counts of indecency with a child. The remaining counts alleged that Zedkaia (1) intentionally or knowingly caused the sexual organ of F.L. to contact the mouth of Zedkaia, (2) intentionally or knowingly caused the penetration of F.L.'s sexual organ by Zedkaia's sexual organ, and (3) intentionally or knowingly caused the penetration of F.L.'s sexual organ by Zedkaia's finger.

## B. Standard of Review

The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in

the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); see also *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and

adequately describes the particular offense for which the defendant was tried." *Id.*; see also *Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

## C. Authority

A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the sexual organ of a child by any means and the child was younger than fourteen years of age. TEX. PENAL CODE ANN. § 22.021. The Penal Code does not provide definitions for penetration or sexual organ, but the Court of Criminal Appeals has provided the following explanation of the terms:

In contexts like that of the Aggravated Sexual Assault statute, "penetrate" may mean "to enter into" or "to pass through." See, e.g., Webster's Third New International Dictionary, p. 1670 (Merriam–Webster 1981). Thus, in common parlance, mere contact with the outside of an object does not amount to a penetration of it. But pushing aside and reaching beneath a natural fold of skin into an area of the body not usually exposed to view, even in nakedness, is a significant intrusion beyond mere external contact. Consequently, it is not ungrammatical to describe Appellant's touching of complainant in this case as a penetration, so long as contact with the injured part of her anatomy could reasonably be regarded by ordinary English speakers as more intrusive than contact with her outer vaginal lips.

*Vernon v. State*, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992).

## D. Issue One

In his first issue, Zedkaia argues that the evidence presented at trial was insufficient to prove that he caused the penetration of F.L.'s sexual organ by his sexual organ. F.L. testified that Zedkaia tried to "put his penis inside [her] vagina" and that it hurt when he did this. She also testified that he stopped because his penis "couldn't go in." During the SANE evaluation, F.L. told the SANE nurse that Zedkaia tried to stick his "private area" in her "hole" and that it hurt. The SANE report clarifies that F.L. uses "private area" to refer to Zedkaia's penis. The SANE report also indicates some sort of lubricant was used, described as "oil." Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016). A reasonable juror could infer that Zedkaia caused contact that could reasonably be regarded as "more intrusive than contact with her outer vaginal lips" based on F.L.'s testimony. *See Vernon v. State*, 841 S.W.2d at 409. Therefore, the evidence presented at trial was sufficient to prove that Zedkaia caused the penetration of F.L.'s sexual organ by his sexual organ.

We overrule Zedkaia's first issue.

## E. Issue Two

In his second issue, Zedkaia argues that the evidence presented at trial was insufficient to prove that he caused the penetration of F.L.'s sexual organ by his finger. When asked what Zedkaia's hand did when it "touches [her] vagina," F.L. stated that he rubbed it for about ten seconds. Zedkaia argues that penetration cannot rationally be inferred from F.L.'s description of the contact. As with the first issue, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d at 757. Additionally, jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). It is not ungrammatical to describe Zedkaia's touching and rubbing of F.L.'s vagina as penetration because the touching could reasonably be regarded as more intrusive than contact with her outer vaginal lips. *See Vernon*, 841 S.W.2d at 409.

We overrule Zedkaia's second issue.

## F. Conclusion

Having overruled Zedkaia's two issues, we affirm the trial court's judgments.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  July 24, 2025

Before Chief Justice Johnson,
       Justice Smith, and
       Justice Harris
Affirm
Do Not Publish
CRPM

