# Court of Appeals
## Tenth Appellate District of Texas

---

### 10-24-00170-CR

---

Robert Lee Clark,
Appellant

v.

The State of Texas,
Appellee

---

On appeal from the
52nd District Court of Coryell County, Texas
Judge Trent D. Farrell, presiding
Trial Court Cause No. 23-28332

---

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

### MEMORANDUM OPINION

A jury found Appellant, Robert Lee Clark, guilty of the first-degree felony offense of burglary of a habitation with intent to commit a felony. Clark pleaded true to two enhancement paragraphs, and the jury assessed Clark's punishment at forty-five years in the Correctional Institutions Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly. This appeal ensued. We affirm.

## A. Background

In September 2023, Kimberlynn Simmons was preparing to move out of her house with the help of some family and friends, including Clark. Towards the end of the day, Simmons needed to take some of the people who helped back to their homes. Simmons testified that her granddaughter, I.M., and I.M.'s two cousins asked to stay at Simmons's home instead of going with Simmons and the others. Simmons stated that Clark volunteered to stay outside of her house to make sure the three children did not come outside, and she agreed. Simmons testified that she gave clear, specific instructions that no one was to go in or out of the house. I.M. testified that she thought Simmons's instructions were that the children could either be outside with Clark or inside Simmons's house, so I.M. stayed outside after Simmons left the house.

I.M. testified that while she was outside, Clark made multiple comments to her about her body, appearance, and sexual acts he wanted to perform on her. For instance, when I.M. picked up a football she and her cousins had been playing with, she clearly heard Clark comment on her body. I.M. also described how Clark was staring at her and told her that if she kept her legs closed, he wouldn't be looking and that she was "hot and sexy." Clark repeatedly asked I.M. if she could keep a secret, offered I.M. an alcoholic beverage, instructed

I.M. to tell a friend that she had a new man, and told her that he would "stick it in her" and perform oral sex on her. When I.M. started to walk away from Clark, he grabbed her shirt and asked where she was going. I.M. was able to get away and walk up the road from Simmons's house. I.M. later returned to the house when she "thought it was safe." When she returned, Clark continued to stare at her, so she tried to leave again, but Clark grabbed her wrist aggressively. Because of Clark's actions, I.M. called several family members, including a cousin that lived nearby, her grandparents, and her mom. While I.M. was on the phone with her mother, I.M.'s mother told her to go back inside Simmons's house, so I.M. went back inside and locked herself in the master bathroom. While I.M. was in the bathroom, Simmons's doorbell camera footage showed that Clark entered the house, called for I.M. by her nickname, "Red", and asked if she was inside the house.

Simmons was notified by multiple people that something had happened at her house, so she called the police. Simmons testified that she returned home shortly before the police arrived where she found I.M. crying and "shaking like crazy."

Douglas Hunter, an investigator with the Copperas Cove Police Department at the time of the incident, testified that he tried to contact Clark after the incident for a follow-up interview. Hunter did not make contact with

Clark, but he later learned that after he tried to contact Clark, Clark called Simmons and left a voicemail stating that the police were trying to contact him, and Clark and Simmons needed to get what happened with I.M. resolved.

## B. Standard of Review

In his sole issue, Clark argues that the evidence of his specific intent upon entry was insufficient to support a finding of burglary of a habitation. The Court of Criminal Appeals has defined our standard of review of a sufficiency issue as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525

(Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732–33 (Tex. Crim. App. 2018).

### C. Authority

A person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person enters a habitation not then open to the public, with intent to commit a felony. TEX. PENAL CODE § 30.02(a)(1). Here, the indictment alleged that Clark intended to commit the felony offense of indecency with a child or aggravated sexual assault of a child. A person commits the offense of indecency with a child if, with a child younger than 17

years of age, the person, "engages in sexual contact with the child or causes the child to engage in sexual contact; or with intent to arouse or gratify the sexual desire of any person, exposes the person's anus or any part of the person's genitals, knowing the child is present; or causes the child to expose the child's anus or any part of the child's genitals." TEX. PENAL CODE ANN. § 21.11(a). A person commits aggravated sexual assault of a child if that person intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by an means" or "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor" and "the victim is younger than 14 years of age." TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B).

## D. Analysis

Clark contends that evidence of his specific intent upon entry is insufficient to support a rational jury's finding of burglary of a habitation with intent to commit a felony. Specifically, Clark argues that the evidence is insufficient to support a rational jury's finding that at the time of his unauthorized entry he intended to commit indecency with a child or aggravated sexual assault of a child. The State argues that the evidence is sufficient to support the jury's finding that Clark entered the house with the intent to commit a felony.

Jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Intent may be inferred from circumstantial evidence including the acts, words, and conduct of the accused. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). The record shows that Clark entered the home without the permission of Simmons. As he was entering the house, Clark called out for I.M. to see if she was in the house. Before he entered the home, Clark made multiple comments about I.M.'s body and sexual acts that he would perform on her. Specifically, I.M. testified that Clark said he would "stick it in" her and perform oral sex on her. He also grabbed her multiple times when she tried to get away from him. While juries may not speculate about the meaning of facts or evidence, they are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016); see also *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). Weighing all of the evidence and testimony presented, a rational jury could have inferred that when Clark entered Simmons's home, he had the intent to commit either the felony offense of indecency with a child or aggravated sexual assault of a child.

Considering the foregoing evidence viewed in light most favorable to the verdict, we conclude that the evidence supports the jury's reasonable inference that Clark entered the home with the intent to commit the felony offense of indecency with a child or aggravated sexual assault of a child. Accordingly, we overrule Clark's sole issue.

## E. Conclusion

Having overruled Clark's sole issue, we affirm the trial court's judgment.

 

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  October 30, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirm
Do Not Publish
CR25

