# Court of Appeals
## Tenth Appellate District of Texas

### 10-24-00255-CR

William Douglas O'Dell,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
19th District Court of McLennan County, Texas
Judge Thomas C. West, presiding
Trial Court Cause No. 2023-454-C1

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

A jury found William Douglas O'Dell guilty of aggravated sexual assault of a child (Count One) and indecency with a child by contact (Count Two). *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021. He was sentenced to life in prison on Count One and to twenty years in prison on Count Two. On appeal, O'Dell claims that the evidence is insufficient to support his convictions on each count. We affirm.

# Sufficiency of the Evidence

In his first issue, O'Dell concedes that the complainant, G.O., testified to the elements necessary to prove the offense of aggravated sexual assault of a child as alleged in the indictment. However, he challenges the credibility of her testimony and claims that it was insufficient to support his conviction absent corroborating testimony or other evidence. In his second issue, O'Dell again discredits G.O.'s testimony as well as the corroborating testimony of her younger brother, and claims the evidence was insufficient to prove in Count Two that any touching occurred with the intent to arouse or gratify any person. We disagree.

STANDARD OF REVIEW AND RELEVANT LAW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and

conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319, 99 S. Ct. 2781); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

ANALYSIS

O'Dell was charged in Count One with the offense of aggravated sexual assault of a child by penetrating G.O.'s sexual organ with his sexual organ. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). He was charged in Count Two with the offense of indecency with a child by causing G.O. to touch his genitals with her hand. *See id.* at §§ 21.11(a)(1), (c)(2).

At trial, the jury heard evidence that the Department of Family and Protective Services removed G.O. and her two siblings from O'Dell's home in 2019 based on an allegation that O'Dell physically abused G.O. The children were placed with their grandparents in Nevada. A few months after removal, G.O. outcried to her grandmother that O'Dell had also sexually abused her. Law enforcement in Nevada scheduled a forensic interview for G.O., but she did not make an outcry. However, eventually G.O. outcried to her conservatorship worker that she would shower with O'Dell and massage his "private parts." She described how O'Dell "peed" on her with "white stuff."

In 2022, G.O. was forensically interviewed again. The forensic interviewer testified at trial and agreed that G.O. "repeatedly and consistently identified [O'Dell] as having sex with her[.]" During the interview, G.O. also drew several pictures, including a picture of what O'Dell's penis looked like, a "sexual activity" picture, and a picture of a "sex moisturizer bottle." Copies of these drawings were admitted into evidence. Defense counsel questioned the

forensic interviewer about bizarre statements G.O. made during the interview. Some of those statements included claims by G.O. that "after the semen was on her hands, her hands turned black," that she jumped out of a window and ran to another person's house, and that O'Dell "had put a drill up to her head and put a screw in her head."

G.O. was thirteen years old at the time of trial. She testified that when she was seven years old in Waco, Texas, O'Dell took her into his bedroom, told her to undress, and asked her to get on the bed. She described how O'Dell got on top of her and used his "private parts" in her "private parts." G.O. clarified that O'Dell would put his penis inside of her vagina, which she described as "very painful." She testified that this happened on several occasions. G.O. also described how O'Dell would make her rub his penis with "moisturizer" or "hand sanitizer" before he would "do sex" with her. She demonstrated for the jury how she would move her hands up and down on O'Dell's penis and "white stuff" – which she described as a "stretchy goo" – would come out. O'Dell told G.O. not to tell her mother about what happened. On cross-examination, G.O. admitted she told her pediatrician in 2019 that nothing really happened to her; however, she explained that she was nervous to tell him what happened because she was afraid of going back into foster care.

G.O.'s younger brother, L.O., also testified at trial. He told the jury about one occasion when he observed G.O. massaging O'Dell's "crotch" underneath his clothes with both of her hands in the living room. He demonstrated for the jury how G.O.'s hands moved back and forth.

In challenging the reliability of G.O.'s testimony, O'Dell focuses on inconsistencies in her outcries and the unusual or implausible statements that G.O. made in her forensic interview and at trial.[1] He further claims that G.O.'s outcries may have been "spearheaded by outside influences" and points to a lack of physical evidence to corroborate her testimony. O'Dell additionally discredits L.O.'s testimony, asserting that it would be impossible for L.O. to see what G.O.'s hands were doing underneath O'Dell's clothing.

The uncorroborated testimony of a child victim can be sufficient to support a conviction for aggravated sexual assault of a child and indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07. The State has no burden to produce physical or other corroborating evidence. *See Benton v. State*, 237 S.W.3d 400, 404 (Tex. App.—Waco 2007, pet. ref'd). G.O. testified that O'Dell committed the offenses of which he was convicted. To the extent

---

[1] Some of the statements noted by O'Dell on appeal that were not previously discussed include the following: that O'Dell had moles on his penis that were "zits" that he made G.O. pop; that O'Dell would squirt alcohol on G.O.'s food with a syringe; that O'Dell had green body hair and green speckled teeth; that G.O.'s three-year-old brother was not home when the sexual abuse occurred because he was in kindergarten; that G.O.'s mother went to the emergency room "on an electric suitcase;" and, that G.O. had her own house next door where her mother would come visit.

G.O.'s peculiar statements or the alleged lack of reliable corroborating evidence could serve to undermine her credibility, it was the jury's duty as the sole factfinder to make that determination and to resolve any conflicts in the evidence. *Zuniga*, 551 S.W.3d at 733. The jury was permitted to believe all, some, or none of the testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution. *See Merritt*, 368 S.W.3d at 525.

The only element that O'Dell specifically challenges on a basis other than witness credibility is the "intent to arouse or gratify" element of Count Two. The requisite specific intent to arouse or gratify the sexual desire of any person can be inferred from the defendant's conduct, his remarks, and all surrounding circumstances. *McKenzie v. State,* 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). G.O. described repeated instances of touching O'Dell's penis that resulted in his ejaculation, multiple instances of penetrative sexual contact, and "the moisturizer he used to make his penis softer and easier to go into [her] vagina." This evidence is plainly sufficient to demonstrate that O'Dell caused G.O. to touch his penis with the requisite intent to arouse or gratify his sexual desire.

Accordingly, after reviewing the evidence in the light most favorable to the jury's verdict, giving due deference to the jury's weight and credibility

determinations, we conclude that a rational trier of fact could have found the essential elements of each offense beyond a reasonable doubt. We overrule O'Dell's first and second issues.

## Conclusion

Having overruled both of O'Dell's issues on appeal, we affirm the judgments of the trial court.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: November 6, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
Do not publish
CRPM

